UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MARK CLIFF SCHWARZER, § <br> (TDCJ-CID #01433741) § <br> § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> LUIS HERNANDEZ § <br> and § <br> EVELYN CASTRO § <br> and § <br> MELINDA KURTZ, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 6:19-CV-16 |

## ORDER

State inmate Mark Cliff Schwarzer, an inmate in the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ"), proceeds *pro se* but not *in forma pauperis* in this civil rights action. Schwarzer sues four employees at the Stevenson Unit, alleging that defendants have discriminated against him and harassed him because of his religious beliefs.[1]

Pending before the Court is a filing titled "Petition for Courts Assistance," filed by Schwarzer and docketed by the Clerk on June 3, 2019. (Docket No. 4). In this filing, Schwarzer complains that the prison mail room "refused to mail documentation home to get it copied." (*Id.*). Attached as an exhibit to the filing is a letter from Schwarzer addressed to the "Director's Review Committee." (Docket No. 4-1). In the letter, Schwarzer complains that the Stevenson Unit mail room denied him access to the courts when he was mailing

---

[1] An additional defendant, Program Supervisor M. Blalock, was previously dismissed from the case. (*See* Dkt. No. 6).

documentation "home to get copies made when the mail room interfered." (*Id.*). It appears that the relief Schwarzer seeks in this petition is for the undersigned to contact the Director's Review Committee regarding the alleged refusal of unnamed individuals in the mail room to mail Schwarzer's documents for copying purposes.

To the extent Schwarzer is seeking injunctive relief, he does not show that he is entitled to the relief sought. A temporary restraining order or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir. 1985). Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary injunctions and temporary restraining orders. Under Rule 65(a)(1), no preliminary injunction may be issued unless the adverse party has notice. Fed. R. Civ. P. 65; *see Harris Cty., Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 325–26 (5th Cir. 1999) (commenting that Rule 65(a)(1)'s "notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence"). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960, F.2d 543, 544 (5th Cir. 1992) (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130 (5th Cir. 1990)). A temporary restraining order may be granted without notice only if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. *See* Fed. R.

Civ. P. 65(b). The "Petition for Courts Assistance" fails to contain a certificate of service showing that Schwarzer has served the filing on any of the defendants.[2]

Moreover, Schwarzer has not sustained his burden on the prerequisites to issuance of a preliminary injunction. A plaintiff seeking a preliminary injunction must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). A preliminary injunction is an extraordinary remedy which should only be granted if the movant has clearly carried his burden on all of the four factors. *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985).

No arguments made by Schwarzer show a likelihood of prevailing on the success of his original complaint. Schwarzer has made generalized, conclusive allegations regarding the refusal of the Stevenson mail room to mail certain papers, but he has failed to articulate *how* his pending case has been adversely affected by the mail room's alleged refusal to mail certain documents "home" to get copied. Schwarzer has indicated no missed deadlines or other adverse effects. Moreover, the petition references an incident that does not concern the substance of the underlying claims made by Schwarzer and do not relate to the causes of action framed by the pleadings. Similarly, Schwarzer does not reference any of the

---

[2] The Court notes that the defendants have not yet been served with notice of the pending lawsuit. On February 26, 2020, Schwarzer was ordered to effect service upon the defendants within 90 days, or else the case may be dismissed. (Docket No. 13).

defendants named in the lawsuit. Schwarzer has also failed to allege any threatened injury, and he has not articulated what public interest will be served by issuance of the injunction.

Accordingly, the "Petition for Courts Assistance" (Docket No. 4) is **DENIED**.

It is so **ORDERED**.

SIGNED on this 12th day of March, 2020.

_____
Kenneth M. Hoyt
United States District Judge