United States District Court
Southern District of Texas

**ENTERED**

December 09, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **MARK CLIFF SCHWARZER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 6:19-CV-00016** |
| | § | |
| **LUIS HERNANDEZ, EVELYN CASTRO** | § | |
| **MELINDA KURTZ and CHESLEY** | § | |
| **WILLIAMS,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton on August 6, 2020.  (Dkt. No. 21).  In the M&R, Magistrate Judge Hampton recommended dismissing Plaintiff Mark Cliff Schwarzer's ("Plaintiff") suit against Defendants Luis Hernandez, Evelyn Castro, Melinda Kurtz, and Chesley Williams ("Defendants") without prejudice for failing to serve the Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  (*Id.*).

Plaintiff was provided proper notice and the opportunity to object to the proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13.  Plaintiff filed objections and asked the Court to reject the M&R.  (Dkt. No. 25).  After reviewing the M&R, the Response, the record and the applicable law, the Court is of the opinion that the M&R should be **ACCEPTED** as this Court's Memorandum and Order.  The Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.

**I.      BACKGROUND**

On February 4, 2019, Plaintiff, an inmate proceeding *pro se* but not *in forma pauperis*, filed his complaint and originally sued five employees at the Texas Department of Criminal

Justice, Stevenson Unit.  (Dkt. No. 1).  On October 2, 2019, a district court, with Judge Kenneth M. Hoyt presiding, dismissed the claims against one of the employee defendants.  (Dkt. No. 6). The district court ordered Plaintiff to serve the remaining Defendants within ninety days pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure.[1]  (Dkt. No. 7).  Plaintiff neither complied with the Order nor asked for an extension of time to do so.  (Dkt. No. 9).

On January 30, 2020, the district court ordered Plaintiff to show cause in a written response why the case should not be dismissed for failure to timely serve Defendants.  (*Id.*).  He was also instructed to include in his response proper proof of service of the summons and complaint on Defendants.  (*Id.*).  Plaintiff responded on February 24, 2020, explaining that he attempted service through his sister, but the complaint and summons were lost in the mail.  (Dkt. No. 12).  Plaintiff also requested to file an amended complaint.  (*Id.*).  Two days later, the district court construed the response as a motion for an extension of time to serve Defendants under Rule 4(m) and granted Plaintiff an extra ninety days starting from February 26, 2020 to effect service.  (Dkt. No. 13).  The district court also denied Plaintiff's request to file an amended complaint.  (*Id.*).

Following the district court's February Order extending the time for service, Plaintiff again filed a request for leave to file an amended complaint on March 5, 2020.  (Dkt. No. 14).  That motion was denied.  (Dkt. No. 17).  The district court in particular warned Plaintiff that he still had not served Defendants, and without service by the deadline, the case may be dismissed.  (*Id.*).  On March 23, 2020, Plaintiff requested by letter for the district court to send his sister copies of the summons to be used for service.  (Dkt. No. 16).  A month later, Plaintiff requested that they be

---

[1]     Rule 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).  In turn, Rule 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed" lest the action be dismissed without prejudice.  Fed. R. Civ. P. 4(m).

sent again as the summons was apparently lost.  (Dkt. No. 18).  The docket indicates that the documents were delivered to Plaintiff by first-class mail four days later on April 27, 2020.

On July 6, 2020, this Civil Action was reassigned to this Court and referred to Magistrate Judge Hampton on July 23, 2020.  (Dkt. Nos. 19–20).  On August 6, 2020, Magistrate Judge Hampton issued a M&R, with a deadline to file any objections by August 20, 2020.  (Dkt. No. 21). On August 11, 2020, a letter from Plaintiff dated August 6, 2020 and mailed August 8, 2020 was filed notifying the Court of a delay in service.  (Dkt. No. 22).  On August 25, 2020, a letter mailed on August 19, 2020, containing Plaintiff's response to the M&R was filed.  (Dkt. No. 25).  That same day, the Court received Plaintiff's proof of service executed by certified mail dated August 18, 2020.  (Dkt. No. 23).  Plaintiff's Amended Complaint was also docketed.  (Dkt. No. 24).

## II.    DISCUSSION

### A.    APPLICABLE LAW

In relevant part, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed.  Fed. R. Civ. P. 4(m); *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (discussing Rule 4(m) under an older version of Rule 4 which allowed dismissal after 120 days).  If good cause is established for a failure to serve, the court must allow additional time for service.  *Id.*  The plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect . . . ."  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis in original).

"[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, . . ." *Id.* Rather, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 at 622 (1969)) (emphasis in original). For purposes of dismissal, it is "irrelevant that the defendant not served within the [90]–day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the [90] days." *Winters,* 776 F.2d at 1305–06.

### B.   ANALYSIS

Plaintiff asks the Court to reconsider the M&R because "under the circumstances, hopefully the delays are forgivable." (Dkt. No. 25 at 3). Plaintiff enumerates two reasons for not complying with the district court's February Order. First, he states "he was unaware that the court was not allowed to mail the summons directly to the third-party," his sister. (*Id.* at ¶ 5; *see* Dkt. No. 16). Apparently, this delayed receipt of the summons by a month. (*Id.* at ¶ 5). Plaintiff contends that upon receiving the summons, he "sent them immediately to the third party with instructions to enclose the Original Complaint." (*Id.*). He was unable to talk to the third-party about the status of the service until July, and "[u]nfortunately there was an issue regarding the Complaint and plaintiff had to transfer a copy for them to use." (*Id.* at ¶ 7). Second, he blames COVID-19 for further delaying effective service because his unit "went into a medical lockdown on May 17th due to an outbreak" of the virus, and he was thus "unable to follow-up" on service. (*Id.* at ¶ 6).

The Court finds these reasons do not constitute good cause or excusable neglect for the delay. Lack of attention to what is required, or ignorance of the rules do not show good cause, even for *pro se* plaintiffs. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that

a *pro se* litigant's ignorance of [Rule 4(m)] excuses his compliance with the rule would automatically excuse his failure to serve his defendants timely."); *see also Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054042, at *2 (N.D. Tex. June 18, 2013) (finding that "ignorance of the rules, even when proceeding *pro se*, does not constitute good cause under Rule 4(m) in the Fifth Circuit."). Even accounting for Plaintiff's unfamiliarity with a federal court's procedures and his unawareness of the "issue" regarding his complaint, he still had ample time to comply with Rule 4(m). The Court extended the time period to effect service from February 26, 2020 to May 26, 2020. (Dkt. No. 13). Plaintiff provided no reason as to why he did not request the summons immediately after the district court granted an extension. He instead waited for at least three weeks to send his request for the documents. Plaintiff eventually received the summons on April 27, 2020 and consequently had a month to serve Defendants or request another extension of time. He did neither. The COVID related medical lockdown *on May 17, 2020* should not have had a substantial effect on whether service would be timely accomplished *by May 26, 2020*. Plaintiff had received the summons on April 27, 2020 and could have been facilitating service for at least three weeks at that point in order to meet the deadline. Importantly, *even after the May 26, 2020 deadline passed*, Plaintiff had two more additional months to serve Defendants and file a motion for an extension of time prior to the M&R being issued.

Cumulatively, the record shows that the district court needed to constantly remind and notify Plaintiff of his obligation to comply with Rule 4(m) and to warn him that failure to comply may result in the action being dismissed. Throughout the proceedings, Plaintiff has not shown diligence or good faith in following the Court's orders and its rules. As such, the Court can find no good cause in Plaintiff's failure to serve Defendants within the prescribed period.

### III.   CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as this Court's Memorandum and Order.   The Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).

SIGNED this December 8, 2020.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**